IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                                    NO. 29,181

ALEJANDRA SALAS,

    Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF LEA COUNTY
Gary L. Clingman, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Templeman and Crutchfield, P.A.
Barry Crutchfield
Lovington, NM

for Appellant


**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant appeals her sentence for abandonment of a child resulting in death, contrary to NMSA 1978, § 30-6-1(B) (2005).  We issued a calendar notice proposing to summarily affirm.  Defendant filed a timely memorandum in opposition, which we

have duly considered. Remaining unpersuaded, we affirm.

**DISCUSSION**

Defendant continues to argue that she received an illegal sentence for abandonment of a child. [DS 7; MIO 2-6] Defendant contends that the jury did not make a finding that Defendant's abandonment of her child resulted in the child's death, which Defendant argues was required to increase her sentence from a misdemeanor to a second-degree felony. [Id.] Thus, Defendant argues that the maximum penalty she can receive based on the jury verdict is a misdemeanor. [Id.]

We review the legality of a sentence under the de novo standard of review. *See State v. Brown*, 1999-NMSC-004, ¶ 8, 126 N.M. 642, 974 P.2d 136. According to the statutory definition,

> Abandonment of a child consists of the parent, guardian or custodian of a child intentionally leaving or abandoning the child under circumstances whereby the child may or does suffer neglect. Whoever commits abandonment of a child is guilty of a misdemeanor, *unless the abandonment results in the child's death or great bodily harm, in which case he is guilty of a second degree felony.*

Section 30-6-1(B) (emphasis added). We understand Defendant to argue that the jury convicted her simply of abandonment of a child, and not abandonment of a child resulting in death, and that imposing a second-degree felony penalty is a sentence enhancement of the maximum statutory penalty of a misdemeanor. [MIO 4] We continue to disagree.

2

As discussed in our calendar notice, [CN 3-4] the jury was not instructed on the misdemeanor offense of abandonment of a child. *Cf.* UJI 14-607 NMRA. Instead, the jury was given the instructions for abandonment of a child resulting in death. *See* UJI 14-606 NMRA. The instructions were as follows:

> For you to find [Defendant] guilty of child abuse resulting in death the State must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
> 1. [Defendant] was a parent of [Child];
> 2. [Defendant] intentionally left or abandoned [Child];
> 3. As a result of [Defendant] leaving or abandoning [Child], was without proper parental care and control necessary for [Child's] well being;
> 4. [Defendant] had the ability to provide proper parental care and control necessary for [Child's] well being;
> 5. [Defendant's] failure to provide proper parental care and control necessary for [Child's] well being resulted in the death of [Child];
> 6. [Child] was under the age of eighteen;
> 7. This happened in New Mexico on or about the 8th day of December, 2004.

[RP 154] These jury instructions comport with the jury instructions for abandonment of a child resulting in death. *See* UJI 14-606. The jury instructions for abandonment of a child without great bodily harm or death do not include an element requiring the jury to find that the abandonment resulted in the death of the child. *See* UJI 14-607.

Contrary to Defendant's assertions, we remain persuaded that the jury was required to find beyond a reasonable doubt that Defendant's abandonment of her child resulted in the child's death. The finding that abandonment resulted in the death of

the child is an element of the crime. According to the statute, the sentence for child abandonment resulting in death is a second-degree felony. *See* § 30-6-1(B). Thus, although we acknowledge the validity of the cases cited by Defendant, [MIO 2-4] we are not persuaded that the sentence imposed in this case violates Defendant's constitutional right to have all facts essential to her sentence determined by a jury beyond a reasonable doubt.

As we also discussed previously, [CN 4] we are not persuaded that, in addition to receiving the proper jury instructions, the jury was required to enter a special verdict form making a finding that Defendant's abandonment resulted in the death of the child. [DS 6, 8] Defendant's argument would carry more weight if there was any chance that the jury could have convicted her of abandonment of a child without great bodily harm or death. However, the jury was not given that choice, and we have no reason to conclude that the jury was confused by the instructions into making a finding that was not supported by the evidence. Thus, we remain persuaded that the jury made all the necessary findings beyond a reasonable doubt on all the elements required to convict Defendant of abandonment of a child resulting in death. Accordingly, we hold that the district court properly imposed a second-degree felony sentence as required by the statute.

**CONCLUSION**

For these reasons, and those in the calendar notice, we affirm Defendant's sentence.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____

**ROBERT E. ROBLES, Judge**

_____

**TIMOTHY L. GARCIA, Judge**